UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONE GRACEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:15-CV-407 (CEJ) |
| | ) |
| JANSSEN PHARMACEUTICALS, INC., | ) |
| f/k/a/ ORTHO-MCNEIL-JANSSEN | ) |
| PHARMACEUTICALS, INC. and JANSSEN | ) |
| PHARMACUETICA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed. Defendants oppose the motion. For the following reasons, plaintiffs' motion will be granted.

**I.   Background**

On January 26, 2015, sixty-four plaintiffs from thirty states filed this action in the City of St. Louis Circuit Court, alleging thirteen state law causes of action against defendants arising out of their manufacture and sale of the antipsychotic drug Risperidone. Plaintiffs assert claims of negligence, negligent design defect, fraud, strict product liability for failure to warn, strict product liability for design defect, strict product liability for failure to adequately test, strict product liability for nonconformance with representations, breach of express warranty, breach of implied warranty, violation of the Missouri Merchandising Practices Act, punitive damages, medical expenses incurred by parent, loss of consortium.

On March 4, 2015, defendants removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Defendants are citizens of New Jersey

and Pennsylvania. One plaintiff is a citizen of New Jersey, and five plaintiffs are citizens of Pennsylvania. Despite the lack of complete diversity on the face of the complaint, defendants argue that federal diversity jurisdiction exists because the out-of-state plaintiffs' claims were fraudulently joined and thus should be ignored for purposes of determining diversity. Plaintiffs move to remand, arguing that the out-of-state, diversity-destroying plaintiffs' claims have been properly joined.

## II.    Discussion

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; In re Prempro Prods. Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010). Defendants bear the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). There is no dispute that the amount in controversy is more than $75,000. Likewise, the parties agree that six plaintiffs are citizens of the same states as defendants and, thus, complete diversity is lacking on the face of the complaint. Defendants argue

that this Court nonetheless has diversity jurisdiction because the out-of-state plaintiffs' claims were fraudulently joined.

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Prempro, 591 F.3d at 620. To prove fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Knudson v. Systs. Painters, Inc., 634 F.3d 968, 980 (8th Cir. 2011) (quoting Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003)). "[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." Id. Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" Id. (quoting Filla, 336 F.3d at 811).

Fraudulent misjoinder, a doctrine the Eighth Circuit has neither accepted nor rejected,[1] occurs when a plaintiff joins a viable claim, either by another non-diverse plaintiff or against another non-diverse defendant, with "no reasonable procedural basis to join them in one action" because the claim that destroys diversity has "no real

---

1 Several courts of appeal have acknowledged the doctrine of fraudulent misjoinder, but only the Eleventh Circuit has adopted it. Compare Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1359-60 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, 204 F.3d 1069, 1360 (11th Cir. 2000) with Kent State Univ. Bd. of Trustees v. Lexington Ins. Co., No. 11-CV-3601, 2013 WL 216026, at *6 n.1 (6th Cir. Jan. 22, 2013) ("[T]he Sixth Circuit has not adopted the fraudulent misjoinder doctrine."); Lafalier v. State Farm Fire & Cas. Co., 391 Fed. Appx. 732, 739 (10th Cir. 2010) ("[W]e need not decide [whether to adopt procedural misjoinder] today, because the record before use does not show that adopting the doctrine would change the result in this case."); In re Prempro Prods. Liab. Litig., 591 F.3d 613, 622 (8th Cir. 2010) ("[W]e conclude that even if we adopted the doctrine, the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder."); In re Benjamin Moore & Co., 318 F.3d 626, 630-31 (5th Cir. 2002) ("[W]ithout detracting from the force of the Tapscott principle that fraudulent misjoinder of plaintiffs is no more permissible than fraudulent misjoinder of defendants to circumvent diversity jurisdiction, we do not reach its application in this case."); California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc., 24 Fed. Appx. 727, 729 (9th Cir. 2001) ("[W]e will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs.").

connection with the controversy." Prempro, 591 F.3d at 620 (footnotes and citations omitted). Whether a party has been fraudulently misjoined depends on whether there has been an "egregious and grossly improper" joinder "under the broadly-interpreted joinder standards." Id. at 624.

As noted by defendants, "[f]raudulent *misjoinder* challenges the propriety of joining *viable* claims into a single action while fraudulent *joinder* challenges the *viability* of the claims themselves." Defs.' Opp. at *11 [Doc. #13] (emphasis in original). In other words, alleging fraudulent joinder "requires the court to look, at least somewhat, at the substantive merits of the claim," while fraudulent misjoinder is a question of procedure. See Bowling v. Kerry, Inc., 406 F. Supp. 2d 1057, 1060 (E.D. Mo. 2005) (referring to fraudulent misjoinder as "procedural misjoinder"). For example, in the sole Eighth Circuit case defendants rely upon for the proposition that the theory of fraudulent joinder applies equally to plaintiffs, the issue was whether the non-diverse plaintiff was a "real party in interest" in the matter – an issue related to the substantive merits of the claim or whether those plaintiffs had a viable cause of action. See Iowa Public Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977) ("The 'real party in interest' is the person who, under governing substantive law, is entitled to enforce the right asserted."); see also Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp. 2d 891, 904 (N.D. Iowa 2000) (comparing the "real party in interest" test to the standard that "a plaintiff is not fraudulently joined unless there is no possibility that the plaintiff would be able to establish a cause of action against the defendant in state court").

Here, defendants are not asking the Court to assess the out-of-state plaintiffs' claims to determine if the plaintiffs have a cause of action under substantive state

4

law; rather, defendants are challenging the propriety of joining the out-of-state plaintiffs' claims into a single action in which the court has established personal jurisdiction over defendants.[234] Correctly characterized, defendants' argument is based on the theory of fraudulent misjoinder. Thus, the real issue is whether the out-of-state plaintiffs' claims have been properly joined under Rule 20 of the Federal Rules of Civil Procedure. As in Prempro and several recent cases before this Court, even if the fraudulent misjoinder doctrine is applied, it does not support this Court's exercise of jurisdiction. See, e.g., Morgan v. Janssen Pharms., Inc., No. 4:14-CV-1346 (CAS), 2014 WL 6678959 (E.D. Mo. Nov. 25, 2014); Butler v.

---

2 According to defendants, no federal or state court in Missouri can exercise personal jurisdiction over defendants and comport with due process with respect to the out-of-state plaintiffs' claims. The parties do not dispute, however, that Missouri courts have personal jurisdiction over defendants with respect to the in-state plaintiffs' claims. Missouri courts, thus, may properly exercise personal jurisdiction over defendants with respect to this cause of action as a whole arising out of or related to its contacts and conduct in Missouri. See Shaffer v. Heitner, 433 U.S. 186, 204 (1977) (stating that the proper focus of the due process inquiry for the exercise of personal jurisdiction is "the relationship among the defendant, the forum, and the litigation"); see also Walden v. Fiore, 134 S. Ct. 1115, 1126 (U.S. 2014) ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State."); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984) (permitting a forum State to assert personal jurisdiction over a nonresident defendant when a plaintiff's contacts with the forum are "extremely limited" or even "entirely lacking").

3 The supplemental authority defendants filed is inapplicable, because that decision analyzed solely whether Missouri courts could exercise *general* jurisdiction over the out-of-state corporate defendants after the Supreme Court's decision in Daimler v. Bauman, 134 S. Ct. 746 (2014). See Neeley v. Wyeth, Inc., No. 4:11-CV-325 (JAR), 2015 WL 1456984, at *1 (E.D. Mo. Mar. 30, 2015). In contrast to the present case, specific jurisdiction was not present in Missouri because plaintiffs were all Kentucky residents and their causes of action all arose out of defendants' contacts in Kentucky rather than defendants' contacts with Missouri. See Neeley v. Wolters Kluwer Health, Inc., No. 4:11-CV-325 (JAR), 2013 WL 3929059, at *3-4 (E.D. Mo. July 29, 2013).

4 Also, it is undisputed that defendant Janssen Pharmaceuticals, Inc. has consented to the jurisdiction of Missouri courts by registering to do business and appointing an agent to accept service of process in Missouri. [Doc. #10-3]; see Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1199 (8th Cir. 1990) ("Consent[,] the other traditional basis of jurisdiction, exist[s] independently of long-arm statutes . . . . One of the most solidly established ways of giving such consent is to designate an agent for service of process within the State."); State ex rel. K-Mart Corp. v. Holliger, 986 S.W.2d 165, 168 (Mo. banc 1999) (recognizing a foreign corporation's authorization to do business and registration of an agent for service in Missouri as a basis for personal jurisdiction independent of Missouri's long-arm statute); see also Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 170, 174 (1939); Ex parte Schollenberger, 96 U.S. 369, 376–77 (1877); Acorda Therapeutics, Inc. v. Mylan Pharms. Inc., Civ. No. 14-935 (LPS), 2015 WL 186833, at *12 (D. Del. Jan. 14, 2015) ("Daimler does not eliminate consent as a basis for a state to establish general jurisdiction over a corporation which has appointed an agent for service of process in that state, as is required as part of registering to do business in that state . . . . Consistent with Daimler, it remains the law that general jurisdiction may be established by showing that a corporation is 'at home' in the sense described in detail in Daimler, or separately general jurisdiction may be established by a corporation's consent to such jurisdiction.").

5

Ortho-McNeil-Janssen Pharms., Inc., No. 4:14-CV-1485 (RWS), 2014 WL 5025833 (E.D. Mo. Oct. 8, 2014); Orrick v. Smithkline Beecham Corp., No. 4:13-CV-2149 (SNLJ), 2014 WL 3956547 (E.D. Mo. Aug. 13, 2014).

Rule 20 "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" Prempro, 591 F.3d at 622 (quoting Fed. R. Civ. P. 20(a)(1)). Missouri's permissive joinder rule is substantively identical. Mo. Sup. Ct. R. 52.05(a); State ex rel. Allen v. Barker, 581 S.W.2d 818, 826 (Mo. banc 979). "In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" Prempro, 591 F.3d at 622. "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974). Accordingly, Rule 20 "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding," without requiring "[a]bsolute identity of all events." Prempro, 591 F.3d at 622.

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966). Plaintiffs' subjective intent in adding non-diverse parties is irrelevant to the Court's Rule 20 analysis. As the Eighth Circuit has held, "if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." Iowa Pub. Serv. Co., 556 F.2d at 404; id. at 406

6

("[I]f [a plaintiff] can avoid the federal forum by the device of properly joining a nondiverse defendant or a nondiverse co-plaintiff, he is free to do so.").

Plaintiffs' claims satisfy Rule 20(a)'s standard. First, plaintiffs' complaint raises common questions of law or fact regarding injuries alleged from use of the same product and arising from the same design, testing, development, labeling, packaging, distribution, marketing, and sales practices for that product.

Also, because plaintiffs' allegations relate to defendants' design, manufacture, testing, and promotion of Risperidone—occurrences common as to all plaintiffs—their claims also arise out of the same transaction or occurrence, or series thereof. That is so even if the end-of-the-line exposures occurred in different states and under the supervision of different medical professionals. Thus, joinder of all sixty-four plaintiffs' claims under Rule 20(a) is proper.

\*    \*    \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiffs' motion for remand [Doc. #9] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2015.